IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| WAYNE THOMPSON, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>SUN VALLEY RADIO, INC., dba KVFX-FM/CACHE VALLEY RADIO GROUP,<br><br>  Defendant. | Case No. 1:09-cv-177-SA<br><br>**MEMORANDUM DECISION AND ORDER DENYING SUN VALLEY RADIO, INC.'S MOTION FOR SUMMARY JUDGMENT** |

  Before the Court is a Motion for Summary Judgment filed by Defendant Sun Valley Radio, Inc. (Doc. 35.) Defendant asserts that summary judgment should be granted because no genuine issue of material fact exists and it is entitled to judgment as a matter of law.

  Having carefully reviewed the parties' pleadings and the record in this case, and having heard oral arguments, the Court concludes that a dispute exists regarding many material facts in this case. Therefore, the Court denies Defendant's motion.

## ANALYSIS

  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all evidence and draw all reasonable inferences therefrom in the light most favorable to Plaintiff Wayne Thompson, Jr., the nonmoving party. *See Burke v. Utah Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006).

Defendant's summary judgment motion, which was filed on January 4, 2011, heavily relied on deemed admissions made by Plaintiff through his lack of response to Defendant's requests for admission. (*See* Doc. 36, Memorandum in Support of Defendant's Motion for Summary Judgment.) On January 7, 2011, Plaintiff filed a motion to amend/correct his responses to Defendants' requests for admission. (Doc. 38.) Following a hearing on the matter, Plaintiff's motion was granted. (Docs. 45-46.) Plaintiff then completed his responses to Defendant's requests for admission, effectively withdrawing his deemed admissions.

As a result, Defendant may no longer rely on the deemed admissions as support for its summary judgment motion. Furthermore, with Plaintiff's numerous denials to Defendant's requests for admission, numerous genuine disputes as to material facts exist. The following are just some of the genuine disputes regarding material facts in this case: (1) whether Plaintiff voluntarily terminated his employment with Defendant; (2) whether Plaintiff created a parody production piece during his employment

2

with Defendant that contained inappropriate sexual banter and language directed toward Defendant's employee, Lyndsay Mientel; (3) whether Plaintiff participated in the same banter with other employees that he alleged constituted sexual harassment, racially-based discrimination, religious discrimination, and a hostile work environment; (4) whether Plaintiff failed to notify management of any of the allegations he claims constitute sexual harassment, racial discrimination, religious discrimination, and a hostile work environment; (5) whether Defendant made a permanent change from a live program to the use of voice tracking because of business necessity (i.e. cost savings); and (6) whether Plaintiff surreptitiously gained access to Defendant's workplace after Plaintiff no longer worked there, and took Defendant's property.  These factual issues are examples of just some of the genuinely disputed material facts that exist in this case - they do not constitute a comprehensive list of genuinely disputed material facts that exist.  Moreover, Defendant itself has conceded, both in its reply memorandum and during the April 25, 2011 hearing addressing the motion for summary judgment, that Plaintiff now disputes the material facts Defendant asserted in its summary judgment motion.  (Docs. 59, at 2.)

Finally, the Court also has reviewed the argument set forth by Defendant in its reply memorandum regarding the timeliness of Plaintiff's claims of religious and sexual discrimination.  The court rejects that argument.  As Plaintiff argued at the April

25, 2011 hearing, although Plaintiff did not check all the relevant boxes on the form when he filed his claim, he checked other boxes alleging other forms of harassment and discrimination, and included in the prose of his complaint the facts upon which he now relies to support his additional claims. As such, Defendant rebutted any presumption that he was not asserting the additional claims and he gave timely notice to Defendant of those possible claims. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998)

**CONCLUSION**

Based on the above analysis, it is hereby ordered that Defendant Sun Valley Radio, Inc.'s motion for summary judgment (Doc. 35) is **DENIED** because genuine disputes as to material facts exist in this case.

DATED this 26th day of April, 2011.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge